UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
   PAULA K. MARTINEZ, et al.,
                                   Plaintiffs,

                     -against-                    23 Civ. 9847 (LGS)

                                          **<u>ORDER</u>**
   ARROW LOGISTICS, LLC, et al.,
                                 Defendants.
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, Defendants filed a Notice of Removal on November 7, 2023, and removed this action from state court pursuant to the Court's diversity jurisdiction;

       WHEREAS, the federal courts are courts of limited jurisdiction, and "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1);

       WHEREAS, diversity jurisdiction requires that "all of the adverse parties in a suit . . . be completely diverse with regard to citizenship." *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000);[1]

       WHEREAS, "the party invoking federal jurisdiction" bears the burden of "establish[ing] the existence of diversity jurisdiction." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 618 (2d Cir. 2019);

       WHEREAS, a limited liability company ("LLC") generally takes the citizenship of each of its members for the purposes of diversity jurisdiction. *See Carter v. HealthPort Techs., LLC*,

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

822 F.3d 47, 60 (2d Cir. 2016); *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt., LLC*, 692 F.3d 42, 49 (2d Cir. 2012);

WHEREAS, complete diversity is not established where the notice of removal fails to allege the citizenship of each member of a party LLC.  *See Platinum-Montaur Life Scis.*, 943 F.3d at 615;

WHEREAS, it is within the Court's discretion to *sua sponte* remand a case to state court where the party seeking removal has "failed to allege complete diversity of citizenship." *Id.* at 618; *Hines v. Azoth Inv. SPC Ltd.*, No. 21 Civ. 10309, 2022 WL 683996, at *2-3 (S.D.N.Y. Mar. 8, 2022) (*sua sponte* remanding case to state court where notice of removal failed to establish complete diversity);

WHEREAS, a district court may *sua sponte* remand a case for a procedural defect within thirty days of the filing of the Notice of Removal.  *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006);

WHEREAS, Defendants' Notice of Removal is procedurally defective.  Defendants' Notice of Removal and accompanying Petition for Removal fail to plead facts sufficient to establish the citizenship of each member of Defendant Arrow Logistics, LLC.  It is hereby

**ORDERED** that this matter is **REMANDED** to state court.

The Clerk of Court is respectfully directed to close the case and to mail a certified copy of this Order to the Supreme Court of the State of New York, New York County, pursuant to 28 U.S.C. § 1447(c).

Dated:  November 17, 2023
        New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE